COPY

David S. Kupetz (CA Bar No. 125062)
Email: dkupetz@sulmeyerlaw.com
Marcus A. Tompkins (CA Bar No. 190922)
Email: mtompkins@sulmeyerlaw.com
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, Plaintiffs

FILED
2007 MAR 23 PM 12: 44
CLERK U.S. ...
CENTRAL DIST...
LOS ANGELES
BY

FILED
DISTRICT COURT OF GUAM
APR - 6 2007
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

07-00007

| | |
|---|---|
| Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company<br><br>Plaintiffs,<br><br>vs.<br><br>USA Investment Partners, LLC, a Nevada limited liability company,<br><br>Defendant. | Case No. ~~CV07-01925~~ EDCV07-0343 SGL (JCRx)<br><br>**COMPLAINT FOR BREACH OF ORAL CONTRACT, BREACH OF IMPLIED-IN-FACT CONTRACT, BREACH OF FIDUCIARY DUTY, APPOINTMENT OF A RECEIVER AND OTHER EQUITABLE RELIEF** |

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

Plaintiffs, Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, allege:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) as a result of the diversity of citizenship of the parties.

2. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(a)(2).

## THE PARTIES

3. **Plaintiff Placer County Land Investors, LLC** ("Placer"), is a limited liability company organized under the laws of the State of California. The members of Placer are USA Investment Partners, LLC ("USAIP"), Robert A. Russell ("Russell"), and Land & Castle Investments, LLC ("L&CI"). USAIP owns an 88% controlling membership interest in Placer. Russell owns a 10% membership interest in Placer. L&CI owns a 2% membership interest in Placer. Russell has been the manager of Placer. On March 20, 2007, Russell received a letter (the "Removal Letter") from USAIP seeking to replace Russell as manager of Placer with USAIP.

4. **Plaintiff SVRB Investments, LLC** ("SVRB"), is a limited liability company organized under the laws of the State of Arizona. The members of SVRB are USAIP and Russell. USAIP owns a 50% membership interest in SVRB. Russell owns a 50% membership interest in SVRB. Russell is the manager of SVRB.

5. **Plaintiff Robert A. Russell**, an individual, is a resident of the State of Arizona.

6. **Defendant USA Investment Partners, LLC,** is a limited liability company organized under the laws of the State of Nevada. The members of USAIP are Thomas A. Hantges ("Hantges") and Joseph D. Milanowski

("Milanowski"). Hantges owns a 57% membership interest in USAIP. Milanowski owns a 43% membership interest in USAIP. Milanowski is the manager of USAIP. Hantges and Malinowski are collectively referred to herein as the "Members".

## USAIP ENTERPRISE

7. The primary assets of USAIP are equity interests in entities that own real estate development projects in various stages of development, primarily located in California and substantially located within the judicial district of this Court.

8. Currently, entities affiliated with the members of USAIP are the subject of bankruptcy cases (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Nevada. These entities include USA Commercial Mortgage Company ("USACM"), USA Capital Realty Advisors, LLC ("USACRA"), USA Securities, LLC ("USAS"), USA Capital First Trust Deed Fund, ("First"), and USA Capital Diversified Trust Deed Fund, LLC ("Diversified"). Prior to the commencement of the Bankruptcy Cases, USAIP had received financial support in the way of transfers and loans from USACM and some of the related entities that are debtors in the Bankruptcy Cases.

9. The primary assets of USAIP include:

A. USAIP owns a 50% membership interest in Ashby USA, LLC ("Ashby"). Ashby is a limited liability company organized under the laws of the State of California. The manager of Ashby is Ashby Development. Ashby owns real property commonly known as Roripaugh Ranch. Roripaugh Ranch is an approximately 800-acre master planned development with approximately 1,800 lots located in the City of Temecula in southwest Riverside County, California. Plaintiffs understand and believe that the project is fully entitled with construction underway.

B. USAIP owns a 50% membership interest in Capital Land Investors, LLC ("CLI") and Random Development, LLC ("RD"). CLI and RD are

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

3

limited liability companies organized under the laws of the State of California. The manager of CLI and RD is Jabral Investments, an entity organized under the laws of the State of California. CLI and RD own a real estate project commonly known as Stoneridge. Stoneridge is an approximately 640-acre master planned development with approximately 2,200 lots located in Riverside County, California. The Plaintiffs understand and believe that this project is currently in the entitlement process.

        C.      USAIP owns a 50% membership interest in Oak Mesa Investors, LLC ("OMI"), and Buffalo Land Development, LLC ("BLD"). The manager of OMI and BLD is Jabral Investments. OMI and BLD own a real estate project commonly known as Oak Valley. Oak Valley is an approximately 1,500-acre master planned development with approximately 3,000 lots located in Calimesa, California.

        D.      USAIP owns an 88% controlling interest in Placer County Land Investors, LLC, as a non-managing member. Russell is the manager of Placer and owns a 10% membership interest in Placer. Placer owns a real estate project consisting of approximately 325 acres located in Placer County, California. This property is planned for approximately 1,000 residential lots.

        E.      USAIP owns a 69% membership interest in HMA Sales, LLC ("HMA"). HMA is a limited liability company organized under the laws of the State of Nevada. HMA owned the Royal Hotel, a 228 room hotel located in on approximately 2.5 acres in Las Vegas, Nevada. Plaintiffs understand and believe that the Royal Hotel Property was sold for approximately $29,000,000 pursuant to a transaction that closed in December, 2006.

        F.      USAIP owns a 55⅔% membership interest in Tanamera Properties, LLC ("Tanamera Properties"), a limited liability company organized under the laws of the State of Nevada. The other members of Tanamera Properties are DDH Financial ("DDH") and B&L Investment ("B&L"). The Manager of

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]    4

Case 1:07-mc-00007   Document 1   Filed 04/06/2007   Page 4 of 16

Tanamera Properties is DDH. Tanamera Properties is an entity that is a holding company for several real estate development entities that own real property located in Nevada.

G. USAIP owns a 50% membership interest in Tanamera Residential Group ("Tanamera Homes"). Tanamera Homes is a name used by several entities that operate as a home building company.

H. USAIP owns a 70% membership interest in Bundy Canyon Land Development, LLC ("Bundy"). Bundy is a limited liability company organized under the laws of the State of California. Bundy owns approximately 175 acres of real property between Murrieta, California and Lake Elsinore, California.

I. USAIP owns 100% of the membership interests in USA Investors VI, LLC ("Hotel Zoso"). Hotel Zoso is 165-room hotel property situated on 2.5 acres of leased land at 150 S. Indian Canyon Drive in Palm Springs, California. The Hotel Zoso property is currently under contract for sale. Plaintiffs are informed that, in December, 2006, the debtors in the Bankruptcy Cases filed an involuntary bankruptcy petition against Hotel Zoso.

J. USAIP owns a 55% membership interest in Phillips USA, LLC ("Phillips"). The Phillips Development Company, Inc. ("PDC"), owns a 45% membership interest in Phillips. PDC is the manager of Phillips. Plaintiff is informed and believes that Phillips has entered into agreements to purchase approximately 930 acres of real property located adjacent to the Ortega Highway between San Juan Capistrano, California, and Lake Elsinore, California.

K. USAIP owns a 50% membership interest in Opaque Land Development, LLC ("Opaque"). Unlimited Holdings, Inc. ("Unlimited"), owns the other 50% membership interest in Opaque. Unlimited is the managing member of Opaque. Opaque owns approximately 15 acres of commercial zoned real property located in southwest Las Vegas, Nevada.

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]    5

Case 1:07-mc-00007    Document 1    Filed 04/06/2007    Page 5 of 16

L. USAIP owns a 50% membership interest in Cornman-Toltec, LLC ("Cornman"). Unlimited holds the other 50% membership interest in Cornman. Unlimited is the managing member of Cornman. Cornman owns 160 acres of residential real property located in Casa Grande, Arizona.

M. USAIP owns a 50% membership interest in SVRB. SVRB owns approximately 24 acres of real property zoned for commercial-industrial use in the south part of Albuquerque, New Mexico.

N. USAIP owns 100% of the membership interests in Tree Moss, LLC ("Tree"). Tree is a limited liability company organized under the laws of the State of California. Tree owns a 101-room condominium project located on approximately 2.5 acres of leased real property at 140 S. Calle Encilia in Palm Springs, California. Plaintiffs are informed and believe that Tree entered into a Sales, Marketing, and Commission Agreement with a third-party to sell 63 units that it owns at the condominium project. Thereafter, the debtors in the Bankruptcy Cases filed an involuntary bankruptcy petition against Tree in or about December 2006.

O. USAIP owns a 50% membership interest in Colt Gateway, LLC ("Colt"). The manager of Colt is America Holdings, Inc. Colt owns real property consisting of approximately 17 acres located in Hartford, Connecticut, where the former Colt Arms Manufacturing Plan was located.

P. USAIP owns a 50% membership interest in Happy Valley, LLC ("Happy"). Happy owns approximately 2 acres of real property located in Palm Springs, California.

Q. USAIP owns 100% of the membership interests in Haspinov, LLC ("Haspinov"). Haspinov owns real property located in Las Vegas, Nevada, upon which is situated on approximately 10,000 square foot office building leased to USACM.

R. Plaintiffs are informed and believe that USAIP may hold equity or other interests in various entities not identified above owning real property and/or other assets.

**EXTREME AND EXTRAORDINARY CIRCUMSTANCES**

10. Hantges and Milanowski are the subject of an investigation requested by the United States Securities and Exchange Commission (the "SEC") and conducted by the Federal Bureau of Investigation (the "FBI") in connection with the business and operations of USAIP and various related entities.

11. USAIP has substantial liabilities under guarantees of loans made to entities in which USAIP holds a membership interest. USAIP is also obligated to Diversified pursuant to a loan that may amount to as much as $75 million or more. This loan is secured by a general pledge of the membership interests held by USAIP.

12. Over the course of several years, the bulk of the capitalization for USAIP was provided by contributions from USACM. In May, 2006, to the detriment of other creditors of USAIP, including Plaintiffs, USAIP executed a promissory note in favor of USACM and entered a Security Agreement with USACM granting a security interest in a substantial portion of its assets to secure repayment of the promissory note. The amount of this secured claim is in excess of $58,000,000.

13. USAIP is controlled by Hantges and Milanowski. The Members have admitted to Plaintiffs that during the pendency of the ongoing investigation by the SEC and/or the FBI relating to their activities, they have been and will continue to be precluded from effectively managing the operations of USAIP. Plaintiffs understand and believe that the investigation is ongoing.

14. On December 25, 2006, in the adversary proceeding titled USA Commercial Mortgage Company v. HMA Sales, LLC, Adversary No. 06-01256-LBR (the "Adversary Action"), brought in the United States Bankruptcy Court for

the District of Nevada related to the Bankruptcy Cases jointly administered under Case No. BK-S-06-10725 LBR, and pending in United States Bankruptcy Court for the District of Nevada, Las Vegas Division, the plaintiffs in the Adversary Action filed their Complaint for, inter alia, a Temporary Restraining Order ("TRO") relating to assets of USAIP, and for the appointment of a receiver for an entity (HMA Sales, LLC) 90% owned by USAIP.

15. On January 3, 2007, the Honorable Linda B. Riegle, United States Bankruptcy Judge in the jointly administered Bankruptcy Cases entered the TRO. Plaintiffs are informed and believe that the TRO remains in effect.

16. In their Fifth Claim for Relief contained in the complaint commencing the Adversary Action, the debtors in the Bankruptcy Cases requested the appointment of a receiver for a subsidiary of USAIP. Such relief could not be Ordered by Bankruptcy Judge Riegle since 11 U.S.C. § 105(b) provides that "a court may not appoint a receiver in a case under this title [the Bankruptcy Code]."

17. USAIP has significant unpaid, delinquent obligations, including those owing to Plaintiffs, and unperformed commitments, including those made to Plaintiffs.

18. Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests.

19. The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

20. USAIP is unable to effectively function and the assets of USAIP are diminishing in value as a result of the lack of any party currently in a position to control the direction and operations of USAIP.

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

8

21. Loans with respect to real estate development projects owned by entities in which USAIP holds membership interests, including entities in which Plaintiffs also hold membership interests, are delinquent.

22. The Removal Letter received by Placer from USAIP on March 20, 2007, threatens Placer with severe, immediate and irreparable harm.

23. With its Members under criminal investigation, USAIP is not capable of effectively managing Placer.

24. Unless control of USAIP is promptly removed from Milanowski and Hantges, Placer and all other creditors of USAIP are faced with severe, immediate and irreparable harm.

25. Parties, including Plaintiffs, with claims against USAIP and/or with equity interests in entities in which USAIP also holds an equity interest face imminent and irreparable harm to their opportunity for recovery on their claims and/or equity interests.

26. The assets of USAIP are at risk as long as USAIP remains under the control of the Members.

27. Various real estate development projects owned by entities in which USAIP owns membership interests, including those in which Plaintiffs also own membership interests, are in need of refinancing.

28. Lenders have advised Plaintiffs that they will not provide financing to any entity in which equity interests are held by an entity controlled by the Members.

29. In its current state, USAIP is unable to perform its obligations or meet its commitments to its creditors, including Plaintiffs.

## USAIP's COMMITMENTS AND OBLIGATIONS TO PLAINTIFFS

30. USAIP made various commitments, promises and agreements to and with Russell and Placer, which they relied upon, and which USAIP has failed to

fulfill. In reliance on these promises, beginning in July 2005, Russell devoted no less than two days of my time per week to the Placer Development.

31. USAIP promised to reimburse all of Russell's expenses incurred in connection with the Placer Development. In reliance on this promise, Russell incurred expenses amounting to more than $20,000 and USAIP has failed to reimburse Russell's expenses.

32. USAIP represented to Placer that it would ensure that the debt secured by the real property owned by Placer would be paid on a current basis and that all ongoing expenses connected with the real property would also be paid by USAIP. USAIP has failed to fulfill these promises.

33. The debt secured by the real property owed by Placer is in default, real estate taxes secured by the real property amounting to approximately $290,000 are delinquent, and contributions owing to the Master Plan Association (the "Association") of which Placer is a member are delinquent in an amount exceeding $500,000.

34. Placer relied on the promises of USAIP that it would fund all expenses on a current basis relating to the development of the real property owned by Placer in entering into various consulting arrangements with environmental engineers, wetlands engineers, civil engineers, and other consultants needed in order to develop the real property owned by Placer. USAIP has failed to fund the payments owing by Placer to these consultants and, as a result, the consultants have stopped work on the real property project owned by Placer and the development process has stalled. This has caused significant damage to Placer and poses an imminent threat to destroy the development process with regard to the real property owned by Placer.

35. The failure of USAIP to meet its commitments has placed Placer in dire financial straits and has left Placer facing imminent and irreparable harm.

36. Loans secured by the real property owned by Placer are in default, interest is accruing at the default rate, and foreclosure proceedings may be imminent.

37. If the real estate taxes owing with regard to the real property owned by Placer are not brought current, the property will be eliminated from the overall 5,000 acre master development plan in which the Placer property is currently a participant. The County within which the Placer real property is located will not approve any plans if the taxes are not current and if Placer remains delinquent with regard to its contribution owing to the Association, it can be removed from the Association on that basis as well. If Placer is removed from the Association, then it is virtually assured that any development of the real property owned by Placer will be stalled for a period as long as seven to ten years and that the land will be forced to remain in its current state where it could only be used as farmland.

38. Having USAIP, under the control of Milanowski and Hantges, as the majority equity holder of Placer has precluded Placer from acquiring any substitute financing that would allow it to address these urgent issues.

39. Russell has suffered lost profits and other damages as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary obligations with respect to Placer and SVRB in an amount in excess of $5,000,000.

40. Placer has suffered lost profits and other damages, in an amount in excess of $5,000,000, as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary duty.

41. SVRB has suffered lost profits and other damages in an amount in excess of $50,000,000 as a result of USAIP's failure to fulfill its promises, commitments and obligations and USAIP's breach of its fiduciary duty.

## FIRST CAUSE OF ACTION

### (Breach of Oral Contract re Placer)

42. Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

43. USAIP has breached promises and commitments made to and agreements with Placer. These breaches have resulted in damages, lost profits and additional costs to Placer, in a total sum in excess of $5,000,000.

## SECOND CAUSE OF ACTION

### (Breach of Implied Contract re Placer)

44. Plaintiffs hereby incorporate by reference paragraphs 1 to 43 of the Complaint as though fully set forth herein.

45. Based on the facts as set forth above, both Placer on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the Placer development, thus creating an implied-in-fact contract between the parties (the "Implied Placer Contract").

46. USAIP breached the implied Placer Contract. Said breach resulted in damages, lost profits and additional costs to Placer in the total sum in excess of $5,000,000.

## THIRD CAUSE OF ACTION

### (Breach of Oral Contract re SVRB)

47. Plaintiffs hereby incorporate by reference paragraphs 1 to 46 of the Complaint as though fully set forth herein.

48. USAIP breached promises and commitments to and agreements with SVRB. These breaches resulted in damages, lost profits and additional costs to SVRB, in a total sum in excess of $5,000,000.

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

12

## FOURTH CAUSE OF ACTION

### (Breach of Implied SVRB Contract)

49. Plaintiffs hereby incorporate by reference paragraphs 1 to 48 of the Complaint as though fully set forth herein.

50. Based on the facts as set forth above, both SVRB on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the SVRB development, thus creating an implied-in-fact contract between the parties (the "Implied SVRB Contract").

51. USAIP breached the Implied SVRB Contract. Said breach resulted in damages, lost profits and additional costs to SVRB in a total sum exceeding $5,000,000.

## FIFTH CAUSE OF ACTION

### (Breach of Oral Contract re Russell)

52. Plaintiffs hereby incorporate by reference paragraphs 1 to 51 of the Complaint as though fully set forth herein.

53. USAIP breached promises and commitments to and agreements with Russell. These breaches results in damages, lost profits and additional costs to Russell in an amount in excess of $5,000,000.

## SIXTH CAUSE OF ACTION

### (Breach of Implied Russell Contract)

54. Plaintiffs hereby incorporate by reference paragraphs 1 to 53 of the Complaint as though fully set forth herein.

55. Based on the facts set forth above, both Russell on the one side, and USAIP, on the other side, understood and agreed that USAIP was obligated to fund the development of the Placer and SVRB projects and to reimburse Russell for his expenses incurred in connection with said projects, thus creating an implied-in-contract between the parties (the "Implied Russell Contract").

56. USAIP breached the Implied Russell Contract. Said breach resulted in damages, lost profits and additional costs to Russell in a total sum exceeding $5,000,000.

## SEVENTH CAUSE OF ACTION

**(Breach of Fiduciary Duty Owed to Placer)**

57. Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

58. USAIP owed a fiduciary duty to Placer. USAIP breached said duty. As a direct result of USAIP's breach of its fiduciary duty owing to Placer, Placer has suffered lost profits, expenses, and other damages in an amount in excess of $5,000,000.

## EIGHTH CAUSE OF ACTION

**(Breach of Fiduciary Duty Owed to SVRB)**

59. Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as though fully set forth herein.

60. USAIP owed a fiduciary duty to SVRB. USAIP breached said duty. As a direct result of USAIP's breach of its fiduciary duty owing to SVRB, SVRB has suffered lost profits, expenses, and other damages in an amount in excess of $5,000,000.

## NINTH CAUSE OF ACTION

**(Breach of Fiduciary Duty Owed to Russell)**

61. Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as fully set forth herein.

62. USAIP owed a fiduciary duty to Russell. USAIP breached said duty. As a direct result of USAIP's breach of its fiduciary duty owing to Russell,

[DSK\LJT\S13528.1 3/23/2007 (10:03 AM)]  14

Case 1:07-mc-00007    Document 1    Filed 04/06/2007    Page 14 of 16

Russell has suffered lost profits, expenses, and other damages in an amount in excess of $5,000,000.

## TENTH CAUSE OF ACTION

### (Appointment of a Receiver and other Injunctive Relief)

63. Plaintiffs hereby incorporate by reference paragraphs 1 to 41 of the Complaint as fully set forth herein.

64. The appointment of a receiver for USAIP is appropriate and necessary to preserve and protect the assets of USAIP and the opportunity for recovery for creditors of USAIP.

65. Injunctive relief connected with the appointment of a receiver for USAIP should be granted in order to protect Plaintiffs and other creditors of USAIP and parties with equity interests in entities in which USAIP also holds an equity interest from real, immediate and irreparable harm to their opportunity for recovery on their claims and/or the preservation and protection of the value of their equity interests.

**WHEREFORE**, Plaintiffs pray for judgment against USAIP as follows:

1. For compensatory damages owing to Placer for breach of contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum of not less than $5,000,000;

2. For compensatory damages owing to SVRB for breach of contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum of not less than $5,000,000;

3. For compensatory damages owing to Russell for breach of contract, breach of implied-in-fact contract, and breach of fiduciary duty in the sum of not less than $5,000,000;

4. For the appointment of a receiver for USAIP and the granting of associated injunctive relief;

5. For interest on compensatory damages as provided by law;

6. For costs of suit, including reasonable attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: March 25, 2007

Respectfully submitted,

**Sulmeyer**Kupetz
A Professional Corporation

By: _/s/ David S. Kupetz_
David S. Kupetz
Attorneys for Robert A. Russell, an individual, Placer County Land Investors, LLC, a California limited liability company, and SVRB Investments, LLC, an Arizona limited liability company, Plaintiffs

[DSK\LIT\513528.1 3/23/2007 (10:03 AM)]

16